Good morning distinguished panel members. Bruce Lichty appearing on behalf of appellant. Your honors there is an easy way and a hard way to get to reversal and remand in this case and this morning in my limited time available to me I'm going to focus on the easy way. The 2009 case Alcala v. Holder of this district court decision in this case was incorrect. When an alien in removal proceedings who is seeking an affirmative remedy in those proceedings has the proceedings summarily terminated he has to have a right of some sort of meaningful judicial review of that termination including an evidentiary hearing where there are facts implicated in his claim. Congress hasn't taken away that right in the immigration code. In other words this is not the case of a final order of removal over which jurisdiction has been limited. There are no grounds for saying that this is an issue of prosecutorial discretion. You're suggesting that the decision to terminate a proceeding is not an exercise of prosecutorial discretion? What case do you have that supports that statement? I'm saying that it's not one of the instances of prosecutorial discretion which Congress has said you don't have jurisdiction to review. Those cases are limited to 1252 G in terms of commencement of proceedings etc. Very specific statutory language which the US Supreme Court said in the Reno v. Arab American discrimination case has to be limited to that language. So no I'm not suggesting that there was no prosecutorial discretion involved although I think that is debatable as well whether the prosecutor has the discretion once they have initiated removal proceedings to be able to seek termination because really the exercise of discretion came at the time where they put the individual in removal proceedings. I guess I'm still having a problem with your premise though because if it is an exercise of prosecutorial discretion to initiate proceedings why wouldn't it be an exercise of discretion to terminate those proceedings? Because once jurisdiction vests in the Department of Justice which it does then and the alien has had the opportunity and has exercised that opportunity to seek an affirmative remedy it no longer becomes strictly a matter of the discretion of the prosecutor whether or not that alien... But that would be true in any criminal case where the defendant has raised a defense to the criminal charge and yet our case law is pretty clear that that the prosecutor can move to dismiss those proceedings at any time you wish. Well I would suggest that there are clear distinctions between the protections entitled to an alien in removal proceedings and someone in criminal proceedings. But the issue that we're wrestling with here Mr. Lichte is whether or not prosecutorial discretion means something different in the immigration context than it means in all other areas of the law and I've never seen a case that suggests that. I've never seen a case that says that equates the two either for that matter but the real issue here is that even if one accepts that there is prosecutorial discretion here there is jurisdiction remains jurisdiction in the courts there has to be jurisdiction in the courts at some point to review the exercise of that. Congress has not stripped that in the case of determination. Well even assuming Mr. Lichte maybe since your time is running down here assuming that we do have jurisdiction why aren't your claims barred by race judicata? Race judicata only applies when there's been a decision on the merits. Or you've had a full and fair opportunity to raise the claim and you didn't. Isn't that true on race judicata? There has never been a full and fair opportunity to raise the claim here and that's one of the points. If there's if there are factual evidentiary issues bound up my client has to have the right in some form which he has been deprived of both in administratively and in the federal court to to raise that to make that claim. I don't know how one can say there's been a full and fair opportunity to litigate here on either of the issues whether it be termination of the proceedings or reinstatement. The government has claimed both we've addressed them both in our reply brief and it's it simply isn't isn't the case that there's been a restitution. But hasn't every court told you that you need to go back to the immigration court? You have a claim that he was here legally under that special special worker permit correct? In 1989 right. Right and hasn't every court that's reviewed this so far said you need to go back and raise your claims with that judge? Actually there's really been no court that's ever reviewed that and that's the problem. That is in fact what Mr. Barragan is entitled to. He's entitled to review of whether or not that impacts his subsequent claims as the propriety of termination the propriety of reinstatement. But you raised the claims before our prior panel the same claims that you're urging that we review again here and the prior panel looked at them and said that they basically were so insubstantial as to not require further review. That's not a dismissal on jurisdictional grounds that's looking at the merits and essentially saying in a nice way they're not very strong claims. Well I've addressed that at length in my briefs and I can't possibly address it now but it's not clear what so insubstantial means. There certainly wasn't a full and fair opportunity to litigate because that was done by way of motion. Your opportunity was to set forth in the briefing and in whatever record you were able to. If you allow me to finish your honor. Counsel be careful of your tone. I simply need to be heard. I said be careful of your tone counsel. May I speak? Yes. First of all that decision only goes to one of the points in the district court dismissal. It only goes to the point of the denial of review of reinstatement. It doesn't go to the denial of termination of proceedings which is affected by the Alcala Holder case that I have just cited to. Once the judicial review of a termination decision that review has to be accomplished in a habeas case or it has to be accomplished in something that is an adequate substitute for habeas. That is what the suspension clause means and that is what is at stake here in this case. This court will unconstitutionally suspend my client's habeas rights without any substitute for his having determination on the termination issue. Even if this court would accept that there has been a res judicata decision on the reinstatement issue. Two different issues totally. But doesn't the Real ID Act provide that the remedy is by petition for review in the court of appeals and your case got transferred to our prior panel wherein you raised these same arguments resulting in the prior decision that we were talking about two minutes ago. The Ninth Circuit has stated that there should be review of reinstatement in the Ninth Circuit for whatever reason and in fact that was a presumption. That was what the lower court here based its decision on. That there would be some review. For whatever reason the Ninth Circuit didn't accord that review and therefore one of the premises for the district court's decision was not premises and I do want to reserve some of my time for reply. If you want to reserve the rest of the time, let's hear from the government. Thank you. Good morning, your honors. My name is Margaret Kinney Taylor. I represent the government in this matter. Um, as as your honors have noted, the issues that have been raised before this court in two separate prior petitions for review. With respect to Mr. Barragan's challenge of the reinstatement order, the decision issued was a decision on the merits, race judicata forecloses further review of the reinstatement of the deportation order of 1989. The case Alcala, which Mr. Lahti Lahti, I'm sorry if I've mispronounced his name, has referred to, is not controlling here because in Alcala the removal order was not actually reinstated. Alcala is, however, interesting in terms of termination. And so I'd like to turn to termination, please. On termination, the court, this court, in another panel, dismissed for lack of jurisdiction. The reason that that the court dismissed for lack of jurisdiction was based on the case Alcala. Alcala precluded the district court from taking jurisdiction because a termination order does not constitute a final order of removal. And a final order of removal is the only way, actually, yes, that's the panel. This has been litigated in so many ways. So let me be clear. The panel, the Ninth Circuit panel that dismissed for lack of jurisdiction relied on Alcala because the termination order was not a final order of removal. And this court doesn't have jurisdiction unless there's a final order of removal under INA 242. Also, 242G, as we argued in the brief, the district court does not have jurisdiction under 242G because 242G precludes an exercise of jurisdiction in such things as commencement, adjudication, execution of removal procedures. And 242G attaches here because termination is really the flip side of a commencement of proceedings. Because, of course, if this court were to overturn a termination, effectively, it would be ordering the board and the immigration judge to put into place or commence removal proceedings, which 242G bars. And so the government requests that this court affirm the district court's holding that it did not have jurisdiction over the habeas as to reinstatement, real ID barred it, and as to termination, it's barred under 242G. Any further questions? If not... Thank you very much, Your Honors. Two quick points. First of all, the Real ID Act, which has been mentioned here, was designed by Congress to make sure that aliens only had one bite of the apple. A bite of the apple in the context of that case, that colloquialism has to mean that where there are evidentiary issues, that there is an opportunity either before an administrative adjudicator or a federal court to have those issues fairly heard. Let me ask you a question on that point again. And it goes back to a question I asked earlier, which is why you haven't gone back to the original court, the immigration court, to prove or to establish the facts that you assert allowed him to be here legally when he was originally deported. And in fact, on page 35 of your opening brief, you indicate that he planned to launch such an attack imminently, but we shouldn't speculate if he did. Every court so far I've seen has told you that's where you need to go. Well, with all due respect, Your Honor, I don't believe any court has actually said where we need to go. But we were terminated in front of the immigration court in San Francisco. I have speculated that one remedy would be to go to the immigration court in El Centro to try to reverse that earlier order. But in the process, I also claimed to the lower court here, to the federal court, that that federal court had jurisdiction itself to revisit the effectiveness or the effect of that 1989 order, which would have meant that we wouldn't have had to go back to El Centro immigration court. So that is one of the claims still pending that I had asked the district court to be able to include in our pleading, which was prevented to us by the summary denial by the district court and one of the reasons why we deserve to have a remand. Okay, Mr. O'Keefe. Thank you very much. The case just argued is submitted.
judges: Burgess, Tallman, Bybee